UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
In re:

MIGNONETTE M. CROWSON,                                        Case No. 07-11834
                                                              Chapter 13
                                                Debtor.
-------------------------------------------------------------
CAPITAL COMMUNICATIONS FEDERAL
CREDIT UNION,
                                      Plaintiff,
          -against-                                         Adv. No. 07-90142

MIGNONETTE M. CROWSON,
                                      Defendant.
-------------------------------------------------------------
APPEARANCES:

MILLER & MEOLA                                                John M. Dubuc, Esq.
*Attorneys for Plaintiff*
14 Corporate Woods Blvd.
Albany, NY 12211

RICHARD CROAK & ASSOCIATES                                    Richard Croak, Esq.
*Attorneys for Debtor*
314 Great Oaks Blvd.
Albany, NY 12203

Hon. Robert E. Littlefield, Jr., United States Bankruptcy Judge

## MEMORANDUM-DECISION AND ORDER

      Capital Communications Federal Credit Union ("Capital" or "Plaintiff") commenced this adversary proceeding against Mignonette M. Crowson ("Debtor") seeking a determination that the Debtor's credit card debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A).[1] Capital asserts that charges made by the Debtor totaling $994.59, within the 90-day period preceding the Debtor's bankruptcy filing, are nondischargeable as luxury goods under § 523(a)(2)(C). The

---

[1] Unless otherwise noted, all statutory references herein are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532.

Debtor filed an answer with counterclaim on September 5, 2007. (No. 3.) On September 11, 2007, Capital filed a reply asserting three affirmative defenses to the Debtor's counterclaim. (No. 4.)

A trial was held on March 10, 2008. At trial, an associate from Capital and the Debtor testified. By order entered January 13, 2008, the Debtor was precluded from proffering any evidence of her intent to repay debts incurred subsequent to her bankruptcy consultation in April 2007, with the exception of the debt to Capital. (No. 13.) Currently before the court is the Plaintiff's oral motion for a directed verdict.

## JURISDICTION

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a), 157(b)(1), 157(b)(2)(B) and 1334(b).

## FACTS

The following facts are gleaned from pre-trial submissions of counsel and the trial transcript. In January 2007, the Debtor made arrangements to travel to her one-bedroom timeshare in the Bahamas with her children. (Trial Tr. 18, Mar. 10, 2008.) In April 2007, the Debtor consulted her bankruptcy attorney, Richard Croak, Esq., for information on the bankruptcy process. (Tr. 17.) The Debtor and her children left for their 10-day stay at her timeshare in the Bahamas on June 1, 2007. (Tr. 14, 18 and 28.) On June 8, 2007, Debtor charged $800.00 ("$800.00 Charge") on her Visa credit card issued by Capital at Island Seas Resort, Bahamas. On July 2, 2007, Debtor filed a voluntary chapter 13 petition. Capital is listed on Schedule F as a creditor holding an unsecured claim in the amount of $8,380.00. (Case No.

07-11834, No. 1.) Debtor's confirmed chapter 13 plan provides that nonpriority unsecured creditors will receive a minimum of 1% of their allowed claims. (*Id.*, No. 9.)

On direct examination, when asked about the circumstances surrounding the $800.00 Charge,[2] the Debtor testified:

> I originally went to the Bahamas in regards to try to sell the timeshare to apply the money that I would get from the timeshare, to apply it to some of my creditors. When I purchased this timeshare back a year or two ago they told me that I had a one-bedroom with the option to upgrade to a two-bedroom . . . I thought it was for the duration of the timeshare. When I got there they told me that it had expired, it was not for the duration of the timeshare. In order for me to keep what I thought I already had I would have to upgrade, and that's when I made the purchase using my credit card with [Capital].

(Tr. 14-15.)

Essentially, the $800.00 Charge represented the purchase of the option of having access to a two-bedroom timeshare, if available, during future trips, rather than the one bedroom timeshare the Debtor currently had access to (the "Option"). (Tr. 19.) The Debtor did not sign a contract for the Option and was not aware if the Option was assignable upon the sale of her timeshare. (Tr. 22, 23.)

On cross examination, when asked what steps she took to sell the timeshare, the Debtor indicated that the only step she took was her June 2007 trip to allegedly inspect the timeshare to determine what she had to sell. (Tr. 26.) Further, the Debtor stated, "when I got back – well not when I got back, but *just recently* I called a company that sells timeshares and asked them what they did. They explained everything to me and that's the only thing that I did in regards to

---

[2] At the beginning of trial, Capital narrowed the scope of the trial to the $800.00 Charge, and withdrew their objection to the dischargeability of the other miscellaneous charges set forth in the Complaint.

selling the timeshare." (emphasis added.) (Tr. 26.) The Debtor did not enlist a realtor to sell the timeshare, nor did she place any for sale advertisements. (Tr. 26-27.)

## ARGUMENTS

The Plaintiff contends that under § 523(a)(2)(A), their prima facie case can be established pursuant to the § 523(a)(2)(C) presumption, which is invoked when the subject debt consists of a consumer debt owed to a single creditor, aggregating more than $550.00 for luxury goods or services, made on or within 90 days before the bankruptcy filing date. *See* 11 U.S.C. § 523(a)(2)(C)(i)(I). The Plaintiff cites *In re Furio*, 77 F.2d 622, 624-25 (2d Cir. 1996), for the assertion that the § 523(a)(2)(C) presumption cannot be rebutted with the mere assertion of honest intent by the debtor.

The Debtor asserts that the Plaintiff failed to set forth any evidence to support its cause of action for fraud and seeks attorney's fees in the event the court finds that the complaint was not substantially justified. While the Debtor admits that she spent $800.00 for the Option, she argues that it is not a luxury good or service. It is the Debtor's position that she purchased the Option to increase the marketability and ultimately the selling price of the timeshare, which in turn would enable her to pay her creditors.

At the conclusion of trial, the Plaintiff made an oral motion for a directed verdict asserting that they satisfied § 523(a)(2)(A), by successfully proving the elements of the § 523(a)(2)(C) presumption. The Plaintiff argues that the Debtor failed to rebut that the Option is a luxury good; therefore, the debt is nondischargeable. The Debtor responded by arguing that regardless of whether the Option is a luxury good or not, the Plaintiff has failed to prove that some false representation or fraud was committed by the Debtor as required under §

523(a)(2)(A). The court reserved on its decision and entered an order on March 10, 2008, to establish a post-trial briefing schedule for the Debtor to submit authority in support of her defense. The Debtor failed to submit her memorandum of law pursuant to the briefing order. Accordingly, on April 14, 2008, the Plaintiff filed a letter informing the court that because the Debtor failed to file a memorandum of law in conformance with the briefing order, the Plaintiff would not be filing anything further. (No. 29.) This matter is now ripe for disposition.

## DISCUSSION

The Debtor's novel defense raised in oral argument at the conclusion of trial is deemed abandoned based upon her failure to submit a memorandum of law in compliance with the court's briefing order.[3]

A creditor seeking to except a debt from discharge under § 523(a) must prove the necessary elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 286 (1991). Consistent with the fresh start policy under the Bankruptcy Code, "exceptions to discharge must be strictly and literally construed against the creditor and liberally construed in favor of the honest debtor." *In re Spar*, 176 B.R. 321, 326 (Bankr. S.D.N.Y. 1994) (citations omitted). Section 523(a)(2)(A) of the Bankruptcy Code excepts debts from discharge "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by . . . false pretenses, a false representation, or actual fraud . . . ." 11 U.S.C. § 523(a)(2)(A). "'To sustain a *prima facie* case under Section 523(a)(2)(A) of the Bankruptcy Code, a creditor must establish [that]: (1) the debtor made a false representation; (2) the debtor

---

[3] The court's briefing order states, "1. Debtor shall file a Memorandum of law by 4/08/08…. 4. Failure of the movant to file a Memorandum of Law shall result in denial of the motion based upon movant's failure to meet its burden." (Br. Order Mar. 10, 2008 (No 25).)

knew the representation was false at the time it was made; (3) the representation was made with the intent to deceive the creditor; (4) the creditor justifiably relied on the representation; and (5) the creditor was injured by the representation and suffered damages as a result.'" *Eurocrafters, Ltd. v. Videdomine*, No. 1:04-CV-855GLS, 2005 WL 1260390, at *4 (N.D.N.Y. May 18, 2005) (quoting *In re Gonzalez,* 241 B.R. 67, 71-72 (S.D.N.Y.1999)), *aff'd*, 183 Fed. Appx. 70 (2d Cir. 2006).

Pleading fraud or a false representation with particularity is difficult with respect to dischargeability of credit card debt because there is little "direct, purposeful contact between the credit card issuer and the credit card holder either at the inception or over the course of the relationship between the parties." *Am. Express Travel Related Servs. Co., Inc. v. Henein*, 257 B.R. 702, 706-07 (E.D.N.Y. 2001). Due to this difficulty, § 523(a)(2)(C) affords a presumption of nondischargeability under certain circumstances to the creditor. *Id.* Section 523(a)(2)(C), provides, in part, that:

> [C]onsumer debts owed to a single creditor and aggregating more than $550 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed to be nondischargeable….

11 U.S.C. § 523(a)(2)(C)(i)(I).

Without the benefit of the presumption, proving the debtor's state of mind in a credit card transaction would be an onerous task. It is undisputed that the $800.00 Charge is a consumer debt that was made by the Debtor within the 90 days preceding the Debtor's bankruptcy filing. The remaining question is whether the Option constitutes a luxury good or service. The Bankruptcy Code states that "the term 'luxury goods or services' does not include goods or services reasonably necessary for the support or maintenance of the debtor or a dependent of the

debtor." 11 U.S.C. § 523(a)(2)(C)(ii)(II).  In determining "luxury" status, courts look to the circumstances of each case to see if the goods or services at issue were "extravagant," "indulgent," or "nonessential." *See In re Chase*, 372 B.R. 125, 131 (Bankr. S.D.N.Y. 2007) (citing *Montgomery Ward & Co. v. Blackburn*, 68 B.R. 870 (Bankr. N.D. Ind. 1987)).

A timeshare is inherently a luxury good because it is not reasonably necessary for the support or maintenance of the debtor or the debtor's dependants. *See e.g., In re Hand*, 323 B.R. 14, 19 (Bankr. D.N.H. 2007).  Thus, it follows that the Option, basically an upgrade to the timeshare, is a luxury good.  As the conditions of § 523(a)(2)(C) have been satisfied, the $800.00 Charge is presumed nondischargeable.

"'To rebut a presumption . . . under U.S.C. § 523(a)(2)(C), the debtor must directly attack the presumed fact with sufficient evidence to support a finding that the fraudulent intent did not exist.'"  *In re Deison*, No. 99-50704, 2000 WL 177904, at *2 (5th Cir. 2000) (quoting *J.C. Penney Co. v. Leaird,* 106 B.R. 177, 180 (Bankr. W.D. Wis. 1989)).  Unsupported assertions by the debtor of honest intent will not overcome natural inferences from admitted facts.  *See In re Furio*, 77 F.3d 622, 624-25.  In this case, the Plaintiff has established that the $800.00 Charge is a consumer debt over $550.00, incurred within 90 days prior to the filing of bankruptcy, for a luxury good.  The Debtor has failed to rebut any of these facts.

## CONCLUSION

Based on the foregoing, the court concludes that the Debtor's debt to Capital of $800 is

nondischargeable under 11 U.S.C. § 523(a)(2)(A).

It is so ORDERED

Dated: October 9, 2008                                    /s/ Robert E. Littlefield, Jr.
       Albany, New York                                   Hon. Robert E. Littlefield, Jr.
                                                          U.S. Bankruptcy Judge